1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   HOUSHANG BAHADORI GHASHGHAI,              CASE NO. 07CV0163-LAB (RBB)

12                              Plaintiff,      **ORDER GRANTING IN PART AND
                                                DENYING IN PART MOTION TO**
         vs.
13                                              **DISMISS**
     MICHAEL MUKASEY, Attorney General
14   of the United States; MICHAEL
     CHERTOFF, Secretary of the
15   Department of Homeland Security;
     EMILIO T. GONZALEZ, Director of the
16   United States Citizenship and
     Immigration Services; ALFONSO
17   AGUILAR, Chief of Citizenship United
     States Citizenship and Immigration
18   Services; VERNON DUNCAN, Acting
     District Director of the United States
19   Citizenship and Immigration Services,
     San Diego, California,
20
                              Defendants.
21

22

23          Plaintiff, an Iranian national and legal permanent resident of the United States since

24   1979, brought this action seeking an order compelling Defendants to adjudicate his security

25   clearances, interview him, adjudicate his naturalization application, and swear him in as a

26   citizen.  Defendants have moved under Fed. R. Civ. P. 12(b)(1) to dismiss the complaint,

27   contending the Court lacks subject matter jurisdiction.  Should the Court determine subject

28   matter jurisdiction exists, Defendants in the alternative ask the Court to remand the matter

1  to the U.S. Citizenship and Immigration Services ("USCIS") for adjudication in the first
2  instance.

3      Although Defendants' motion appears to be a facial rather than factual attack for
4  purposes of this motion, (Mem. in Supp. of Mot. to Dismiss, at 2 n.1), the Court is obliged
5  to examine its own jurisdiction, *sua sponte* if necessary.  *B.C. v. Plumas Unified Sch. Dist*.,
6  192 F.3d 1260, 1264 (9th Cir. 1999).  Although no evidence is properly before the Court, the
7  Court may, in the case of a factual 12(b)(1) attack, "look beyond the complaint to matters of
8  public record without having to convert the motion into one for summary judgment." *White*
9  *v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted).  While Defendants assume
10 the truthfulness of Plaintiff's allegations, the Court need not do so.  *Id*. (citation omitted).

11     Plaintiff identifies the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq*.
12 — specifically, §§ 702 and 704 — as the basis for his claim.  He argues this Court has
13 jurisdiction under 28 U.S.C. § 1331 and 1361.  As the party invoking the Court's jurisdiction,
14 Plaintiff bears the burden of proving all the requirements for the exercise of jurisdiction have
15 been met.  *United States v. Perlaza*, 439 F.3d 1149, 1166 n.20 (9th Cir. 2006).

16     "Mandamus is an extraordinary remedy and is available to compel a federal official
17 to perform a duty only if:  (1) the individual's claim is clear and certain; (2) the official's duty
18 is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3)
19 no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir.
20 2003).  "The extraordinary remedy of mandamus under 28 U.S.C. § 1361  will issue only to
21 compel the performance of a clear nondiscretionary duty. " *Pittston Coal Group v. Sebben*,
22 488 U.S. 105, 121 (1988) (international quotation marks and citation omitted).

23     Plaintiff argues the APA authorizes the Court to intervene to compel agency action
24 that has been unreasonably delayed.  5 U.S.C. § 706(1).  Plaintiff asserts some applicants
25 have their background checks conducted within a few months, while others wait several
26 years.  (Opp'n to Mot. to Dismiss, at 7:14–17.)  To invoke the Court's jurisdiction under the
27 APA, Plaintiff must show the FBI and USCIS had a nondiscretionary duty to act, and
28 / / /

1    unreasonably delayed in carrying out that duty.  *See Norton v. S. Utah Wilderness Alliance*,

2    542 U.S. 55, 63–65 (2004); 5 U.S.C. §§ 701(a)(2), 706(1).

3         Plaintiff filed his application for naturalization on April 8,2004, after which a

4    background check was initiated.  (Decl. of Victoria Porto, filed May 3, 2007, ¶ 9.) The parties

5    agree Plaintiff has applied for naturalization, the required background check has not yet

6    been completed, and Plaintiff has not yet been interviewed.  *See* 8 C.F.R. § 335.2(b)

7    (requiring completion of criminal background checks before interviewing applicants).  In

8    1997, Congress required the FBI to conduct background checks on all applicants for

9    naturalization, and USCIS must await completion of these before adjudicating an application

10   for naturalization.  *See* Pub.L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448; *see also*

11   8 C.F.R. § 335.2(b).  It is therefore clear background checks must be completed before

12   Plaintiff can be interviewed and his application adjudicated.

13        Even if the background check were completed immediately, USCIS would still have

14   to schedule an interview and would have 120 days following its interview to adjudicate

15   Plaintiff's application.  8 U.S.C. § 1447(b).  USCIS has given no indiction, and Plaintiff has

16   no basis to believe, it will fail to promptly carry its statutory duties out once the background

17   check is complete.  Furthermore, even if these claims do ripen, they will do so well after the

18   background check is complete.  Because events that would give rise to a claim for failure to

19   adjudicate have yet to occur, and may never occur, all claims not relating to the background

20   check are unripe and the Court has no jurisdiction over these.  *Alaska Right to Life Political*

21   *Action Committee v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007) (holding trial court should

22   have declined jurisdiction over unripe claims).

23        Congress mandated in 1997 that the FBI investigate every applicant for naturalization

24   and that USCIS await completion of those investigations before rendering a decision with

25   respect to any applicant. *See Ghazal v. Gonzales*, 2007 WL 1971944, slip op. at *2

26   (S.D.Cal., June 14, 2007) (citing Pub.L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448).

27   Under this statute, the FBI therefore has a nondiscretionary duty to conduct background

28   checks on applicants for naturalization.  *Moretazpour v. Chertoff*, 2007 WL 4287363, *1

(N.D.Cal., Dec. 5, 2007).  Of course, the FBI has discretion over how to conduct the background check and what results it produces; while the FBI must conduct the background check, it is under no duty to conduct the check in a particular way.  *See, e.g., Singh v. Still*, 470 F. Supp.2d 1064, 1067 (N.D. Cal. 2007) (noting difference between <u>how</u> the USCIS resolves an application and <u>whether</u> it resolves an application).

Because of the nature of background checks, the Court is not in a position to set a particular deadline for their completion.  *Id.* at *3 (declining plaintiff's request to set 60-day deadline for completion of background checks, because only the FBI and USCIS are in a position to know what resources are available to conduct the background checks).  While the Court cannot direct the pace at which the FBI conducts its background checks, *see Alzuraiki v. Heinauer*, 2008 WL 413861, slip op. at *4  (D.Neb., Feb. 13, 2008) (pointing out the FBI was under no requirement to process plaintiff's background check at any particular pace such as could give rise to APA or mandamus jurisdiction), the FBI cannot simply fail or refuse to conduct one when it is required to do so. *Id.* (noting the FBI was processing plaintiff's background check and therefore was not failing to take any action at all).

If the FBI has simply refused or failed to carry out its nondiscretionary statutory duty to conduct a background check, the Court has jurisdiction to compel it to do so within a reasonable time.  *Moretazpour* at *2.  Because Plaintiff has named the U.S. Attorney General as a Defendant, the actions of the FBI, an agency under his authority, are properly within the scope of this complaint.  *Singh*, 470 F. Supp.2d at 1068.  Plaintiff cites the lengthy delay as evidence the FBI is failing to make reasonable progress.  If, however, the FBI is making reasonable progress under the circumstances towards completion of the background check, the Court cannot compel it to act faster.  *See Li v. Chertoff*, 482 F. Supp.2d 1172, 1178 (S.D.Cal.,2007) ("[A]s long as USCIS is making reasonable efforts to complete the adjudication, the pace required to complete that process is committed to USCIS's discretion."); *Ghazal* at *3; *Alzuraiki* at *4.

Because "only the FBI and the [USCIS] are in a position to know what resources are available to conduct the background checks and whether an expedited background check

1   is feasible or efficient in a particular case," *Ghazal* at *3,  the Court will ordinarily defer to

2   their representations regarding the resources available to conduct background checks.

3       Defendants represent that, since the terrorist attacks on the United States of

4   September 11, 2001, the need to conduct more rigorous and thorough background checks

5   in connection with immigration has increased delays.  (Porto Decl. ¶ 11.)  Numerous similar

6   cases have been filed with this Court and other federal courts have established the FBI is

7   experiencing serious delays in completing background checks due to increased demands

8   and limited resources.  *See, e.g.*,*Ghazal* at *2–*3; *Chen v. Chertoff*, 2008 WL 205279, slip

9   op. at *3 (N.D. Cal., Jan. 23, 2008) (accepting as true defendants' representations that the

10  background check is a complex process and the FBI has limited resources to carry these

11  out); *Alkeylani v. Department of Homeland Sec.*, 514 F. Supp.2d 258, 266 (D.Conn., 2007)

12  (outlining background check procedures and accepting that "immigration officials have been

13  burdened since September 11, 2001 by the heightened need for security checks without

14  receiving an adequate corresponding increase in resources and support from Congress.)

15      While other courts have drawn different conclusions from these facts, this Court has

16  considered it inequitable to require the FBI to expedite one applicant's background check at

17  the expense of all other applicants.  *See, e.g.*, *Mahdavi v. Chertoff*, 2007 WL 474556, slip

18  op. at *3 (S.D.Cal., Oct. 29, 2007) (noting the FBI was experiencing a backlog of requests

19  for expedited background checks, and concluding "assuming FBI resources remain constant,

20  no procedural net gain will result and other applications 'of a higher or competing priority' will

21  be delayed.") (quoting *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d

22  70, 80 (9th Cir. 1984)).

23      Provided the FBI is making reasonable progress under the circumstances, the Court

24  thus lacks authority to grant mandamus relief requiring it to act differently or faster.  If the

25  Court lacks the power to grant mandamus relief, it lacks jurisdiction over the claim.

26  *American Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1407 (9th Cir. 1995) ("We cannot take

27  jurisdiction over a claim as to which no relief can be granted.") (citation omitted).

28  / / /

1    The delay of nearly four years in completing Plaintiff's background check raises at
2 least an inference the FBI is failing to make reasonable progress. *See Chen* at \*3 ("Judges
3 in [the Northern District of California] have found that, under normal circumstances, a delay
4 of approximately two years due to an uncompleted FBI background check is unreasonable
5 as a matter of law.") The length of the delay, however, is not the only factor to be considered;
6 the reasons behind it, such as the complexity of the investigation, must be considered in
7 order to determine whether the delay is reasonable under the circumstances. *Id.* (citations
8 omitted).

9    Defendants are at the very least required to proffer an explanation for the delay
10 beyond merely referring to backlogs and lack of resources generally. *Ali v. Mukasey*, 2008
11 WL 538974, slip op. at \*4  (W.D.Wash., Feb. 25, 2008) ("[W]hile a reasonable person would
12 not dispute the necessity of conducting a background check on an applicant for
13 naturalization, a reasonable person would require a satisfactory justification for a substantial
14 delay in completing the background check.") (quoting *Alghamdi v. Ridge*, No. 3:05 cv344-RS,
15 2006 U.S. Dist. LEXIS 68498, slip op. at \*42–\*42 (N.D.Fla., Sep. 25, 2006)).

16    Defendants represent that Plaintiff's background check has begun and is ongoing.
17 (Mot. to Dismiss at 7:25–26; Reply at 4:14–25.)  But Defendants have proffered no
18 particularized explanation for the delay,[1] so the Court is in no position to evaluate whether
19 the FBI's efforts are reasonable under the circumstances.  If the delay is reasonable, the
20 manner and pace in which the background check is carried out are committed to the FBI's
21 discretion and are thus beyond this Court's power to review.  Because of the unusually long
22 delay, the Court expects to receive an explanation particularly focusing on the facts of
23 Plaintiff's case, rather than a generalized explanation applicable to all background checks.
24 *See, e.g., Guoping Ma v. Gonzales*, 2007 WL 2743395, slip op. at \*7 (W.D.Wash., Sept. 17,
25 2007) (citing authority for the principle that where the only delay in processing an application

26

27    [1] Defendants did submit the declaration of Victoria Porto, an employee of the
28 Department of Homeland Security assigned to USCIS in San Diego. Ms. Porto did not offer
any explanation for the FBI's delay, but merely stated it had begun and was ongoing. (Porto
Decl., ¶¶ 9, 10, 12.)

1  is that the FBI is taking an unusually long time to complete a background check, the

2  government must provide a particularized explanation).

3       In order to enable the Court to examine its power to grant mandamus relief, and thus

4  its jurisdiction to consider Plaintiff's claim, Defendants are **ORDERED**, no later than **30**

5  **calendar days from the date this order is issued,** to explain the delay in completing

6  Plaintiff's background check.  They may do so by submitting a memorandum of points and

7  authorities, no longer than five pages in length, not counting any appended or lodged

8  material.  Defendants should focus on whether the FBI's delay is reasonable under the

9  circumstances; extraneous briefing will not be considered.  Defendants' explanation need

10  not be long, provided it is reasonable.

11       Defendants' motion to dismiss is therefore **DENIED** as to Plaintiff's claim the FBI is

12  unreasonably delaying his background check.  Defendants' motion is **GRANTED** with

13  respect to all other claims, which are **DISMISSED WITHOUT PREJUDICE** as unripe.

14       Michael Mukasey, current U.S. Attorney General, is substituted as a party for Alberto

15  Gonzales.

16

17       **IT IS SO ORDERED**.

18  DATED:  March 13, 2008

19

20  **HONORABLE LARRY ALAN BURNS**
United States District Judge

21

22

23

24

25

26

27

28

- 7 -

07CV0163